UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DANIEL E. EASTMAN,

    Petitioner,

v.                                              Case No. 06-C-0776

JUDY P. SMITH, Warden,

    Respondent.

ORDER SCREENING PETITION AND DISMISSING CASE

On July 19, 2006, Daniel E. Eastman filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Eastman was convicted of first degree sexual assault in Douglas County Circuit Court (case number 92-CR-679) on May 28, 1993, and was sentenced to three years and nine months of imprisonment. His conviction was based on a plea of guilty, and he did not appeal the conviction. He is incarcerated at Oshkosh Correctional Institution (OCI), so he may bring this habeas petition in this district notwithstanding that Douglas County is located in the Western District of Wisconsin. *See* 28 U.S.C. § 2241(c).[1]

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order

---

[1] Although Eastman previously filed a habeas petition regarding this same conviction, Chief Judge Rudolph T. Randa dismissed it without prejudice for failure to exhaust state remedies. *Eastman v. Smith*, Case No. 05-C-277, slip op. (E.D. Wis. Apr. 19, 2005). Because the petition was dismissed without prejudice, the present petition is not a second or successive petition under 28 U.S.C. § 2244(b).

> the respondent to file an answer, motion, or other response
> within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During its initial review of habeas petitions, the court reviews whether the petitioner has met jurisdictional requirements, has set forth cognizable constitutional or federal law claims, and has exhausted available state remedies.

Before the federal court may adjudicate a habeas petition, the petitioner must establish that he is "in custody" by the state. 28 U.S.C. §§ 2241(c)(3), 2254(a). This requirement is jurisdictional. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989). Moreover, the petitioner must be "in custody" under the conviction or sentence under attack at the time the petition is filed. *Id.* at 490-91. If a sentence has fully expired, a petitioner is not "in custody" merely because of the collateral consequences of the conviction or the possibility that it will be used to enhance a future sentence for a subsequent crime. *See id.* at 491-92. However, if a petitioner is incarcerated under consecutive sentences, the sentences are viewed in the aggregate rather than as discrete segments. *Garlotte v. Fordice*, 515 U.S. 39, 47 (1995). Thus, notwithstanding that a particular consecutive sentence may be considered to have run first, last, or otherwise in a string of sentences, the petitioner is considered to be "in custody" under any one of them for purposes of the habeas statute. *Id.* at 45-46.

Eastman's petition and some of its attachments suggest that he has already served the sentence he now attacks. For example, the date of his conviction and length of sentence suggest that the sentence may have been completed sometime during the past thirteen years. Further, the decisions of the Douglas County Circuit Court and

Wisconsin Court of Appeals on Eastman's motion under Wis. Stat. § 974.06 suggest that Eastman had already served the sentence before he filed that motion in January 2005.

On the other hand, the petition and its attachments also suggest that Eastman is still serving a sentence that was imposed consecutively to the 1993 sentence he attacks. The Wisconsin Court of Appeals in its decision noted Eastman's argument regarding consecutive sentences. Eastman asserts in his petition that he is incarcerated at OCI, and an attachment to the petition includes his statement that the conviction under attack was to run consecutively to a probation revocation. Further, in a second case filed the same day as this one, *Eastman v. Smith*, Case No. 06-C-775, Eastman attacks a 1990 conviction, and confirms that he does have multiple convictions.

Thus, it does not "plainly appear" from the petition and its attachments that Eastman fails to satisfy this court's jurisdictional requirements. Hence, the court will consider the petition further.

It is obvious that Eastman may have a statute of limitations problem, as he was convicted in 1993 and did not appeal. *See* 28 U.S.C. § 2244(d); *Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005) (stating that those whose convictions were final prior to April 24, 1996, i.e., the effective date of the statute of limitations provision, were given a one-year grace period following that date within which to file their petitions), *cert. denied*, 127 S. Ct. 39 (2006). Ordinarily, if the court raised the limitations issue sua sponte a petitioner would have an opportunity to respond with an argument on equitable tolling. *See Day v. McDonough*, 547 U.S. ___, ___, 126 S. Ct. 1675, 1684 (2006) (stating that before a court sua sponte dismisses a habeas petition as untimely it "must accord the parties fair notice and an opportunity to present their positions"). Also, Eastman may have procedural

default problems, as he did not appeal his conviction and the Wisconsin Court of Appeals refused to address the merits of his appeal following denial of his § 974.06 motion because it was too late. However, no opportunity for a response by Eastman on either issue is required here, as Eastman's petition must be dismissed on another ground.

Eastman asserts four claims: (1) insufficient evidence to support a finding of probable cause for the charge of first degree sexual assault or to support the conviction, (2) an improper identification of him by the child-victim, (3) conflicting testimony by the child-victim's mother, and (4) false testimony by a witness. But his guilty plea bars pursuit of these claims.

Unlike a conviction following a trial, a guilty plea "foreclose[s] direct inquiry into the merits of claimed antecedent constitutional violations" ordinarily. *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). A defendant may enter a guilty plea for a variety of reasons. For instance, he may wish to surrender and accept punishment, his fear of what might happen may jar an admission of guilt, or he may view the evidence and determine that a trial is not worth the agony or expense. *Id.* at 263 (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)). Also, a defendant may plead guilty based on a favorable agreement with the prosecution or the hope of a lesser sentence. *Haring v. Prosise*, 462 U.S. 306, 319 (1983).

Thus, prior constitutional violations are irrelevant to the constitutional validity of the conviction. *See id.* at 321. The guilty plea is a "break in the chain of events which has preceded it in the criminal process." *Tollett*, 411 U.S. at 267. Thereafter, the issue is not the merit of any claim of an antecedent constitutional violation, but rather whether the guilty plea itself was made intelligently and voluntarily. *Id.* at 265.

4

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [of effective counsel].

*Id.* at 267. Although claims of prior constitutional deprivation may be considered when assessing the advice of counsel to plead guilty, they are not themselves independent grounds for habeas relief. *Id.* at 267.

The guilty-plea bar recognized by the Supreme Court applies to all antecedent constitutional claims except those challenging the power of the court to bring a defendant before it at all (such as a double-jeopardy or jurisdictional challenge), *Haring*, 462 U.S. at 320, and those specifically permitted by states, *id.*, usually regarding particular adverse rulings in pretrial matters (such as denial of a motion to suppress) occurring prior to the guilty plea, *see Lefkowitz v. Newsome*, 420 U.S. 283 (1975). In Wisconsin, Wis. Stat. § 971.31(10) permits appeal of the denial of a motion to suppress or a motion challenging admissibility of a statement notwithstanding that conviction followed a guilty plea. Other than jurisdictional questions, this legislative carve-out is the only exception to the rule that a guilty plea bars antecedent claims of unconstitutional conduct; the "'statute stops with the single exception it creates.'" *State v. Riekkoff*, 112 Wis. 2d 119, 126 (1983) (quoting *Foster v. State*, 70 Wis. 2d 12, 20 (1975)).

Consequently, all four of Eastman's claims are barred because he pled guilty. Any claim of insufficient evidence to support a finding of probable cause or conviction became immaterial when he pled guilty to the charge and the court accepted his plea. *Cf.*

5

*Haring*, 462 U.S. at 316 ("Neither state nor federal law requires that a guilty plea in state court be supported by legally admissible evidence where the accused's valid waiver of his right to stand trial is accompanied by a confession of guilt."). Similarly, any improper identification by the child-victim and any conflicting or false testimony at a preliminary hearing are all irrelevant to Eastman's conviction because he pled guilty. Further, Eastman does not contend that his guilty plea was not made knowingly and voluntarily. Nor does he attack his attorney's advice regarding the plea of guilty. Nothing asserted in Eastman's petition impugns his plea or suggests that his admissions in the state trial court when entering the plea were untrue. Nor do any of his claims rely on adverse rulings of the state trial court on suppression or confession issues, which might have been preserved under Wis. Stat. § 971.31(10).

When he filed his habeas petition, he asked for leave to proceed in forma pauperis. However, he also submitted the $5 filing fee. Because he paid the filing fee, his request to proceed in forma pauperis is moot.

Therefore,

IT IS ORDERED that this petition is denied and this case is dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is denied as moot.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE

7